1

2

3

4

5

6

7

8       IN THE UNITED STATES DISTRICT COURT

9       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   NANCY MULLEN,

11            Plaintiff,                    No. CIV S-11-2017 JAM EFB PS

12       vs.

13   OFFICE OF PERSONNEL
     MANAGEMENT, et al.,
14
             Defendants.                    <u>ORDER</u>
15   _____/

16       This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to

17   Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  On November

18   29, 2011, defendants moved to dismiss plaintiff's complaint, or alternatively, a motion for a

19   more definite statement, and noticed the motion to be heard on January 25, 2012.  Dckt. No. 13.

20       Rather than filing an opposition nor a statement of non-opposition to defendant's motion,

21   on January 13, 2012, plaintiff filed a "More Definite Statement" in response to defendants'

22   motion.  Dckt. No. 17.  The court construes plaintiff's filing, which appears to be an attempted

23   amended complaint, as a motion to amend her complaint.

24       Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course

25   within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading

26   is required, 21 days after service of a responsive pleading or 21 days after service of a motion

1

under Rule 12(b), (e), or (f), whichever is earlier."  Here, plaintiff's "More Definite Statement" was not filed within 21 days of the date defendants were served with the complaint or within 21 days of the date defendants served their motion to dismiss.  Therefore, plaintiff is not entitled to amend her complaint "as a matter of course."

Nonetheless, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The policy of freely granting leave to amend should be applied with "extreme liberality."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment.  *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion.  *Swanson v. U.S. Forest Serv*., 87 F.3d 339, 343 (9th Cir. 1996).

Here, there is no indication that plaintiff, who is appearing *pro se*, unduly delayed in filing her "More Definite Statement" or that it was filed in bad faith.  In fact, the purported amended complaint was filed shortly after defendants filed their motion to dismiss.  Further, the court cannot say at this time that amendment would be futile.  Additionally, although defendants have already filed a motion to dismiss the original complaint, if plaintiff's amended complaint suffers from the same failures that defendants contend the original complaint does, defendants can move to dismiss the amended complaint on similar grounds.  Therefore, defendants have completed little or no work that would be disturbed by granting plaintiff leave to file an amended

complaint.  The burden of showing prejudice is upon the party opposing the amendment and defendants cannot carry this burden.  Accordingly, plaintiff will be granted an opportunity to file an amended complaint.[1]  *See Duong-Tran v. Kaiser Found. Health Plan of the N.W.*, 2008 WL 1909221, at *4-5 (D. Or. Apr. 28, 2008).

As a result, defendants' motion to dismiss, Dckt. No. 13, will be denied as moot. Plaintiff's amended complaint will supersede the earlier complaint which that motion seeks to dismiss, rendering the earlier complaint of no legal effect and the motion to dismiss moot.  *See Ramirez v. Silgan Containers*, 2007 WL 1241829, at *6 (Apr. 26, 2007).

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's "More Definite Statement" is construed as a motion to amend her complaint and that motion is granted.

2.  On or before January 30, 2012, plaintiff shall file a first amended complaint.

3.  Defendants' motion to dismiss, Dckt. No. 13, is denied as moot and the January 25, 2012 hearing thereon is vacated.

4.  Defendants shall file a response to plaintiff's first amended complaint within the time prescribed in the Federal Rules of Civil Procedure.

5.  The status (pretrial scheduling) conference currently set for March 21, 2012 is continued to May 16, 2012.

////

////

////

////

----

[1]  Although plaintiff's "More Definite Statement" appears to be a purported amended complaint, because it is not labeled as such, does not comply with all of the formatting and pleading requirements set forth in the Federal Rules of Civil Procedure and this court's Local Rules, and does not appear to include all of plaintiff's allegations, plaintiff will be given an opportunity to file a properly labeled and properly formatted amended complaint.

1        6. On or before May 2, 2012, the parties shall file status reports, as provided in the

2  August 1, 2011 order.

3        SO ORDERED.

4  DATED:  January 17, 2012.

                                        EDMUND F. BRENNAN
                                        UNITED STATES MAGISTRATE JUDGE