1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   NANCY MULLEN,

11              Plaintiff,              No. 2:11-cv-2017-JAM-EFB PS

12        vs.

13   OFFICE OF PERSONNEL
     MANAGEMENT; EQUAL
14   EMPLOYMENT OPPORTUNITY
     COMMISSION;                        ORDER AND
15                                      FINDINGS AND RECOMMENDATIONS
              Defendants.
16   _____/

17        This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to

18   Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  Defendants

19   move to dismiss plaintiff's first amended complaint pursuant to Federal Rules of Civil Procedure

20   ("Rule") 12(b)(1), 12(b)(6), 8(a)(2), 10(b), 12(b)(5), and 4(m).  Dckt. No. 22.  For the reasons

21   stated herein, the undersigned recommends that defendants' motion to dismiss be granted

22   without leave to amend.

23   I.    BACKGROUND

24        Plaintiff filed an original complaint against the Office of Personnel Management

25   ("OPM") and the Equal Employment Opportunity Commission ("EEOC") on August 1, 2011,

26   ////

1

alleging violations of the federal Fair Labor Standards Act ("FLSA") and the Equal Pay Act.[1]

Dckt. No. 1.  Plaintiff's claims are not easily explained.  Plaintiff alleges that she was an

employee of the U.S. Bureau of Reclamation ("USBR") who accepted an early retirement that

"was given to [her] by [OPM], and approved by [EEOC]" so that plaintiff could complete a

"special assignment to Rebuild America."  *Id.* at 1, 2.  She alleges that this amounted to a

"wrongful termination," and that "[t]he wrongful termination given by OPM was agreed to under

duress on 4/30/1994 from the USBR, and not being fully informed about the work as a

consultant for the USBR."  *Id.* at 2.  She contends that she "accomplished the work for the

special assignment by studying at colleges and universities (about 10 years) to qualify [her] for a

job to increase [her] salary," and that she is "really complaining about the low salary for this

special assignment."  *Id.*  She contends that "from 2004 to the present, [she] was using [her]

paralegal education and 'know how' to continue this special assignment through

communications for security reasons."  *Id.*

Plaintiff's original complaint also alleges that "[a]t the time of [her] retirement, OPM

neglected to give [her] instructions on who, what, where, when and how [she] could be

reemployed for additional income to supplement [her] early retirement benefits."  *Id.*

Plaintiff also alleges that OPM "denied [her] rights to the jobs [she] had earned inside the federal

government," and "request[s] to be reemployed as GS-12 or above in the federal government at a

fair salary because [her] rights have been violated."  *Id.* at 2.

According to plaintiff's original complaint, plaintiff left her GS-11 job at USBR, taking a

4-month leave without pay, to accompany her husband to Germany.  *Id* at 2-3.  She contends that

she was assured by OPM that she would have no problem getting a job at the Air Force Base

where her husband was being relocated, and argues that "[t]hey didn't explain that I would be

---

[1] Although plaintiff's amended complaint supersedes her original complaint, because the amended complaint includes few factual allegations, the court references the allegations in the original complaint in order to provide context. *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

taking a downgrade to a GS-5, Secretary." *Id.* at 3.  She further alleges that "because I do not have return rights to USBR, it won't be until 1992 that I am reemployed at USBR to correct the NO RETURN RIGHTS.  However, no correction to the years spent as a GS-05 to GS-11 are made, . . . ." *Id.*

The original complaint also alleges that OPM retaliated against plaintiff "for speaking to the Federal Women's Program (FWP) the winter of 1989 about having no return rights may be the reason for the early retirement at a low salary." *Id.*  She contends that "[t]he EEO both in Germany and at the USBR should have found my grade level inadequate and the salary too low for these special assignments [to Rebuild America]." *Id.*  She contends that the "EEO's job is [to] help federal employees to obtain or retain adequate job salaries not just coordinate with OPM." *Id.*  She also contends that "[t]he EEO Office reviewed my early retirement application, but I believe now it was an approval for a special assignment to Rebuild America.  The salary for the special assignment was not comparable to my GS-12 salary at the time of the early retirement." *Id.* at 4.

Then, after defendants moved to dismiss plaintiff's complaint, plaintiff filed a "More Definite Statement," Dckt. No. 17, which the undersigned construed as a motion to amend the complaint and which was granted.  Dckt. No. 18.  Plaintiff filed an amended complaint on January 26, 2012. Dckt. No. 20.  The first amended complaint states that her "complaint is in the Women's Rights," and alleges that plaintiff's "early out" administered by OPM and the EEOC "had the plaintiff continue working for the federal government at a retirement income" and therefore plaintiff "is asking for $1,076,629 in back salary for 1995-2011." *Id.* at 1.  Plaintiff cites the FLSA and alleges that "[i]t was clearly Sex Discrimination for the no promotion which was prevented by the special assignment (early retirement)." *Id.* at 2.  Plaintiff further cites the Equal Protection Clause of the Fourteenth Amendment and the Equal Pay Act. *Id.*  She then alleges that she "was previously the Federal Women's Program Keynote Speaker, and believes OPM and  EEOC may be retaliating because of her speech to the federal workers . . . about the

3

1   unfairness of job assignments." *Id* at 4.  She contends that her "cause of action [is] sex

2   discrimination for job qualifications and retaliation." *Id.* at 5.

3          Plaintiff contends that the statute of limitations does not apply because "April 1994 was

4   just the beginning of this special assignment." *Id.* at 4.  She further argues that a waiver of

5   sovereign immunity is unnecessary since "[a] top secret to do classified work was required for

6   the job in Germany and it may be one of the reasons the Plaintiff was chosen for the Special

7   Assignment (early retirement)." *Id.* at 5.

8   II.     <u>MOTION TO DISMISS</u>

9          Defendants move to dismiss plaintiff's first amended complaint, arguing that the motion

10   should be dismissed pursuant to (1) Rule 12(b)(1) for lack of subject matter jurisdiction;

11   (2) Rule 12(b)(6) for failure to state a claim upon which relief can be granted; (3) Rule 8(a)(2)

12   for failure to include a short and plain statement of the claim showing that plaintiff is entitled to

13   relief; (4) Rule 10(b) because the narrative is not delineated by paragraph numbers or separated

14   by meaningful headings that clearly identify each specific claim that is being asserted; (5) Rule

15   12(b)(5) for insufficient service of process; and (6) Rule 4(m) for plaintiff's failure to effect

16   timely service of process.  Dckt. No. 22.  Plaintiff opposes the motion.  Dckt. Nos. 23, 30.[2]

17          A.      <u>Legal Standards Under 12(b)(1)</u>

18          "Federal courts are courts of limited jurisdiction. They possess only that power

19   authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

20   U.S. 375, 377, (1994) (internal citations omitted).  Rule 12(b)(1) allows a party to seek dismissal

21   of an action where federal subject matter jurisdiction is lacking.  "When subject matter

22   jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden

23   of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Cmtys. for a Better Env't*,

24

25          [2] Plaintiff filed an initial opposition to the motion on February 24, 2012.  Dckt. No. 23.
     However, because the opposition did not respond to the numerous arguments made in the motion
26   to dismiss, the court provided plaintiff an opportunity to file a revised opposition to the motion,
     which plaintiff did on March 30, 2012.  Dckt. Nos. 27, 30.

1   236 F.3d 495, 499 (9th Cir.2001).

2        A party may seek dismissal for lack of jurisdiction "either on the face of the pleadings or

3   by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139

4   (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  In a factual

5   challenge, the court may consider evidence demonstrating or refuting the existence of

6   jurisdiction.  *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1195 (9th Cir.

7   2008).  "In such circumstances, no presumptive truthfulness attaches to plaintiff's allegations,

8   and the existence of disputed material facts will not preclude the trial court from evaluating for

9   itself the merits of jurisdictional claims."  *Id.* (quoting *Roberts v. Corrothers*, 812 F.2d 1173,

10   1177 (9th Cir. 1987)).

11        B.    Legal Standards Under 12(b)(6)

12        To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint

13   must contain more than a "formulaic recitation of the elements of a cause of action"; it must

14   contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell*

15   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more

16   . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

17   action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-

18   236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to

19   'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. ---, 129 S. Ct.

20   1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when

21   the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

22   defendant is liable for the misconduct alleged." *Id*.

23        In considering a motion to dismiss, the court must accept as true the allegations of the

24   complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe

25   the pleading in the light most favorable to the party opposing the motion, and resolve all doubts

26   in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869

1   (1969).  The court will "'presume that general allegations embrace those specific facts that are

2   necessary to support the claim.'"  *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256

3   (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

4        The court may consider facts established by exhibits attached to the complaint.  *Durning*

5   *v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts

6   which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of

7   public record, including pleadings, orders, and other papers filed with the court.  *Mack v. South*

8   *Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

9        C.    Pro Se Standards

10        The court is mindful of plaintiff's pro se status.  Pro se pleadings are held to a less

11   stringent standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21

12   (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to

13   notice and an opportunity to amend the complaint before dismissal.  *Lopez v. Smith*, 203 F.3d

14   1122, 1127-28 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).  However,

15   although the court must construe the pleadings of a pro se litigant liberally, *Bretz v. Kelman*, 773

16   F.2d 1026, 1027 n. 1 (9th Cir. 1985), that liberal interpretation may not supply essential elements

17   of a claim that are not plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of*

18   *Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982).  Furthermore, "[t]he court is not

19   required to accept legal conclusions cast in the form of factual allegations if those conclusions

20   cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network,* 18 F.3d

21   752, 754-55 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or

22   unwarranted deductions of fact.  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

23        D.    Discussion

24           1. Rule 8

25        As an initial matter, plaintiff's first amended complaint fails to comply with Federal Rule

26   of Civil Procedure 8(a)(2), which requires a pleading to contain "a short and plain statement of

1   the claim showing that the pleader is entitled to relief."  The amended complaint, which is nearly

2   incomprehensible, fails to identify the defendants with specificity and fails to identify the

3   specific causes of action for which plaintiff seeks relief.[3]  *See Sherrell v. Bank of Am., N.A.*, 2011

4   WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011) ("Specific identification of the parties to the

5   activities alleged by plaintiff[] is required in this action to enable the defendant to plead

6   intelligently.").  The amended complaint also fails to allege any facts that would support any

7   right to relief.  However, because it appears that plaintiff's complaint must also be dismissed on

8   substantive grounds, several of those grounds are addressed below.

9                                    2. Sovereign Immunity

10          Defendants argue that plaintiff's action is barred because the first amended complaint

11  fails to establish an unequivocal waiver of sovereign immunity, and, therefore, the Court

12  lacks subject matter jurisdiction. Dckt. No. 22 at 10-12.

13          As defendants note, the United States is a sovereign, and may not be sued without its

14  consent.  *United States v. Testan*, 424 U.S. 392, 399 (1976).  The Court's jurisdiction to hear a

15  suit against the United States is defined by the terms of that consent, and any suit against the

16  United States must be brought in compliance with the specific statute under which the

17  government has waived its sovereign immunity.  *Id.*  "Plaintiff has the burden of showing a

18  waiver of sovereign immunity."  *Devries v. IRS*, 359 F. Supp. 2d 988, 992 (E.D. Cal. 2005)

19  (citing *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987) ("a party bringing a cause of

20  action against the federal government bears the burden of demonstrating an unequivocal waiver

21  of immunity")).  Here, plaintiff's amended complaint does not clearly allege any claims against

22

23          [3] As defendants note, OPM and the EEOC are only mentioned twice in plaintiff's
     amended complaint: (1) "Plaintiff's early out administered by OPM/EEOC had the Plaintiff
     continue working for the Federal Government at a retirement income[,]" Dckt. No. 20 at 1, and
24  (2) "Plaintiff was previously the Federal Women's Program Keynote Speaker, and believes OPM
     and EEOC may be retaliating because of her speech to the federal workers, . . .", *id.* at 4.  The
25  amended complaint contains no specific facts that any defendant has caused any specific harm to
     plaintiff.  That plaintiff "believes" that OPM and the EEOC "may be" retaliating against her fails
26  to conclusively or definitively state any harm was caused to her by either OPM or the EEOC.

1   the government, nor does it identify the statutory source and waiver of the government's

2   immunity for any such claim.  Accordingly, plaintiff has not met her burden of establishing a

3   waiver of sovereign immunity and the amended complaint must be dismissed.

4                        3.  <u>Statute of Limitations</u>

5          Additionally, defendants argue that, assuming arguendo subject matter jurisdiction and a

6   cognizable legal theory within the amended complaint, any such claim(s) are necessarily barred

7   by the statute of limitations because, according to the first amended complaint, the most recent

8   act giving rise to this action occurred in 1995.  Dckt. No. 22 at 15-17.

9          As noted, plaintiff has not clearly alleged any proper claims against defendants and one

10  must make assumptions as to what plaintiff possible claims plaintiff might intend to plead.  The

11  amended complaint vaguely alludes to the following possibilities: (1) a violation of the FLSA;

12  (2) sex discrimination (presumably in violation of Title VII of the Civil Rights Act of 1964); (3)

13  a violation of the Equal Protection Clause under the Fourteenth Amendment; (4) a violation of

14  the Equal Pay Act; and (5) retaliation (presumably also in violation of Title VII).  Even assuming

15  that plaintiff had properly alleged those claims (which she has not) and that plaintiff alleged facts

16  sufficient to state those claims against defendants (which she has not),[4] the factual allegations

17  gleaned from the complaint to support each such cause of action reduce to conduct that occurred

18  in or before 1995.  All such claims are barred by the applicable statutes of limitations.  *See* 29

19  U.S.C. § 255(a) (the statute of limitations for FLSA and Equal Pay Act claims is three years for

20  willful violations and two years for all other violations); 42 U.S.C. § 2000e–5(e)(1) (providing

21  that a plaintiff alleging a Title VII violation must have filed an EEOC complaint within 300 days

22  of the alleged violation); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) and Cal. Civ. Proc.

23  Code § 335.1 (the statute of limitations for actions brought under 42 U.S.C. § 1983 to enforce

24  _____

25         [4] There are numerous other deficiencies in plaintiff's amended complaint.  However,
    because the court finds that all of plaintiff's claims should be dismissed without leave to amend,
26  those other deficiencies need not be addressed.

1  constitutional rights in California is two years).  Although plaintiff contends that the statute of

2  limitations does not apply because "April 1994 was just the beginning of this special

3  assignment," plaintiff's contention mistakenly contemplates that the statutes of limitations do not

4  begin until the injury is completed.[5]  Rather, the statutes of limitations begin when all elements

5  of a cause of action have occurred, and the moving party knows of the facts supporting this cause

6  of action (even if they do not realize they have a right to bring suit).  *Maldonado v. Harris*, 370

7  F.3d 945, 955 (9th Cir. 2004) ("Under federal law, a claim accrues when the plaintiff knows or

8  has reason to know of the injury which is the basis of the action."); *Migliori v. Boeing N. Am.*

9  *Inc.*, 114 F. Supp. 2d 976, 982 (C.D. Cal. 2000).

10       Accordingly, plaintiff's first amended complaint must be dismissed.  Because amendment

11  would be futile, plaintiff should not be granted leave to amend.  *See Noll*, 809 F.2d at 1448

12  (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not

13  be granted where it appears amendment would be futile).

14  III.   <u>CONCLUSION</u>

15       Accordingly, IT IS HEREBY ORDERED that the status (pretrial scheduling) conference

16  currently set for hearing on November 14, 2012 is vacated.[6]

17       IT IS FURTHER RECOMMENDED that:

18       1.  Defendants' motion to dismiss, Dckt. No. 22, be granted and plaintiff's first amended

19  complaint be dismissed without leave to amend; and

20  ////

21  ////

22

23       [5] Plaintiff also has not alleged any facts that would support equitable tolling of the statutes of limitations, nor does it appear should we be able to.

24

25       [6] As a result, the parties are not required to submit status reports as provided in the August 1, 2011 order.  *See* Dckt. No. 3.  However, if the recommendation of dismissal herein is not adopted by the district judge, the undersigned will reschedule the status conference and

26  require the parties to submit status reports.

2.  The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 14, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE